d

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **BILLY RAY DEW JR,**<br>**Plaintiff** | **CIVIL DOCKET NO. 3:19-CV-01489** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **TALLULAH WATER CO ET AL,**<br>**Defendants** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Plaintiff Billy Ray Dew, Jr. ("Dew") named five Defendants in this lawsuit.  All seek dismissal.  All cite Fed. R. Civ. P. 12(b)(6).  One – the Madison Journal, Inc. (the "Journal") – moved for dismissal on its own (ECF No. 18).  The others – collectively, the "Tallulah Defendants" – moved jointly (ECF No. 20).

Some of Dew's claims are barred by prescription.  Others name parties not subject to suit.  Still others are simply implausible.  Those claims must be dismissed.  But because Dew has stated a false arrest claim which satisfied the baseline requirements of Fed. R. Civ. P. 12(b)(6), that claim cannot be dismissed at this juncture.

Thus, the Journal's Motion to Dismiss (ECF No. 18) should be GRANTED, and Dew's claims against the Journal should be DISMISSED WITHOUT PREJUDICE.  The Tallulah Defendants' Motion to Dismiss (ECF No. 20) should be DENIED IN PART to the extent that it seeks dismissal of Dew's false arrest claim against Defendant the City of Tallulah, but GRANTED IN PART in all other respects.  Dew's

1

claims against Tallulah Water Co., the Police Department of the City of Tallulah, and Tallulah City Hall should be DISMISSED WITH PREJUDICE. And Dew's remaining claims against the City of Tallulah should be DISMISSED WITHOUT PREJUDICE.

## I.    Background

Dew filed this civil rights Complaint *pro se*. (ECF No. 1). Dew also filed two separate "Exhibits" soon thereafter. (ECF Nos. 3, 4). He named five Defendants, and successfully served each in some manner. (ECF No. 5).

Construing Dew's allegations broadly, and reading Dew's Complaint, Exhibits, and other filings conjunctively, Dew alleges that he was (1) overcharged for water services; (2) treated poorly during his attempts to resolve those overcharges; and (3) falsely arrested and otherwise deprived of civil rights during his attempts at resolution. *See Hurst v. Lavoie*, No. CV 18-6299, 2019 WL 530055, at *3 (E.D. La. Feb. 11, 2019) (noting that a court must construe *pro se* pleadings and briefs liberally, and must draw all reasonable inferences from *pro se* pleadings).

Defendants filed the motions to dismiss now pending before the Court. (ECF Nos. 18, 20). Dew opposed both motions in writing. (ECF Nos. 22, 35).

## II.    Law and Analysis

### A.    Plaintiff's allegations must raise a facially plausible right to relief.

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint, in whole or in part, for "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." Stokes v. Gann, 498 F.3d 483,

484 (5th Cir. 2007)." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020)

However, "a complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Legate v. Livingston, 822 F.3d 207, 210 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano*, 975 F.3d at 496.

## B.    Dew's claims against the Journal are prescribed.

The Journal correctly notes that the only direct and substantive allegations against it appear in paragraphs 11-14 of the Complaint. ECF No. 1 at 2-3. Dew attempted to place an ad in the Journal. He visited the Journal's offices and spoke with the editor about that ad. According to Dew, the editor informed him that they would not publish the ad. Dew then requested a refund. The editor left the room for change, and moments later, Dew was arrested.

Dew claims that he was "verbally abused and . . . banned from the Madison Journal for no reason." ECF No. 1 at 2. Dew argues that his treatment at the Journal was discriminatory, and violated his First Amendment rights, due process rights, and his purported right to "use public facilities."

3

Dew's claims suffer from several infirmities.  For instance, the Journal is not a public entity.  The Journal is thus subject to neither First Amendment claims nor claims that it had any duty to publish a private ad or otherwise facilitate a private expression of discontent in this context.

But those issues need not be addressed, because the timeliness of Dew's claims looms larger.  To his credit, Dew specified the timing of the events above: November 14, 2017.  Dew also attempted to assign labels to his claims, with some limited success.  Fairly construed, though, his claims can only constitute Louisiana tort claims or federal civil rights claims.

As to both categories of claims, Louisiana law sets forth the relevant prescriptive period.  Regarding Dew's Louisiana tort claims, "[f]ederal courts follow the prescriptive periods provided under state law." *Johnson v. U.S. Postal Servs.*, No. CV 20-74-SDD-RLB, 2020 WL 6140739, at *4 (M.D. La. Sept. 22, 2020), *report and recommendation adopted,* No. CV 20-74-SDD-RLB, 2020 WL 6140717 (M.D. La. Oct. 19, 2020).  The same is true of Dew's claims under 42 U.S.C. § 1983.  *See Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).  Louisiana's one-year prescriptive period applies.  *See* La. Civ. Code art. 3492.

Accrual presents a slightly different question.  Dew's state law tort claims accrued on "the day injury or damage [was] sustained." *See id.*  However, federal law determines when a § 1983 action accrues.  *Jacobsen*, 133 F.3d at 319.  Under federal law, a § 1983 action accrues when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v.*

*Clements*, 832 F.2d 332, 335 (5th Cir. 1987); *see also Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). Dew's alleged injuries were "apparent," and Dew was aware of them, on the day they occurred. So under either standard, Dew's claims accrued on November 14, 2017. Dew filed suit on November 19, 2019, two years and five days later. Dew's claims against the Journal are thus clearly prescribed.

**C.   Dew's allegations against the Tallulah Defendants are either misdirected, prescribed, or inadequare**

A fair reading of the Complaint would likely indicate that Dew considers the Tallulah Water Co. (informally herein, the "water board"), as the principal Defendant. However, Dew addresses all Tallulah Defendants together in many instances. But Dew did not, and cannot, sue them collectively. In fact, three of them are not subject to suit at all as independent entities: (1) the Tallulah Water Co., also known as Tallulah Water Service; (2) the Police Department of the City of Tallulah; and (3) Tallulah City Hall.

Under Fed. R. Civ. P. 17(b), as to parties which are neither individuals nor corporations, "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located." Under Louisiana law, "[a]n entity must qualify as a juridical person to have the capacity to be sued." *Dejoie v. Medley*, 41,333 (La.App. 2 Cir. 12/20/06, 4), 945 So.2d 968, 972. "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members." La. Civ. C. art. 24.

The first three Tallulah Defendants are a municipal utilities board, a municipal police department, and a municipal building, respectively. Given the

present record, they cannot be called juridical persons. *See Casson v. Powell*, No. 1:18-CV-1429-P, 2019 WL 2166660, at *2 (W.D. La. Feb. 27, 2019), *report and recommendation adopted,* No. 1:18-CV-1429-P, 2019 WL 2134507 (W.D. La. May 15, 2019) (collecting cases) ("[A] a drug task force, like a police department, is not an entity that can be sued in its own name."); *Cordier v. Johnson*, No. 1:18-CV-1594-P, 2019 WL 1549657, at *2 (W.D. La. Mar. 18, 2019), *report and recommendation adopted,* No. 1:18-CV-1594-P, 2019 WL 1549024 (W.D. La. Apr. 9, 2019) (prisons are buildings, not "juridical persons" capable of being sued); *see also Jefferson v. Delgado Cmty. Coll., No. CIV.A. 13-2626, 2013 WL 5530337, at *1 (E.D. La. Oct. 7, 2013)* ("[A] government body may not be sued if it is merely a dependant sub-body of a larger government agency."). Thus, the City of Tallulah (the "City") is the only proper Tallulah Defendant.

Furthermore, Dew raises distinct incidents and claims through the bulk of his Complaint. And again, most have prescribed. Dew's allegations stretch from September 15, 2015 to January 15, 2019. They all amount to Louisiana torts or federal civil rights violations. All alleged injuries seem to have been either apparently or clearly known on the dates suffered or otherwise identified. Thus, the claims accrued and expired on the same dates referenced above. Any claims that arose before November 19, 2018, are prescribed

Dew's remaining, timely allegations – save one – fall well short of "facial plausibility." Labels notwithstanding, Dew complains that he was overcharged by the water department, treated rudely by municipal employees, and harassed and

arrested without cause.  True, Dew's allegations need not be extensive or exhaustive. And also true, at the pleading stage, Dew's general allegations should be construed to embrace specific facts necessary to support them.  *See Inclusive Communities Project, Inc. v. Dep't of Treasury*, 946 F.3d 649, 658 (5th Cir. 2019).  But Dew's injuries themselves cannot be "generalized" or indecipherable from other grievances. *See Hotze v. Burwell*, 784 F.3d 984, 992 (5th Cir. 2015).

Dew does not make entirely clear whether he has addressed and resolved the overcharging dispute.  But he has worked exhaustively with the water board, has invoked state remedies, and has failed to identify any incident right to relief in federal court.  Dew's allegations of discourtesy, even acrimony, by municipal employees, are likewise inadequate to survive a motion to dismiss.  Read carefully, Dew actually admits that he has essentially been locked in a spiraling dispute with municipal employees for years, has found himself at several points of loggerhead as a result, and has been treated rudely, or asked to leave an office, after a disagreement.  Even taken in the aggregate to their ends, Dew's allegations do not approach the type of "moving-force" causation required for municipal liability.  *See Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 365 (5th Cir. 2020).

However, one allegation stands apart from these others.  Dew claims that he was falsely arrested and detained overnight on December 13, 2018.[1]  The City argues

---

[1] Dew's allegations could fairly be interpreted as two distinct claims: false arrest and false imprisonment under 42 U.S.C. § 1983.  *Clark v. Lafayette Police Dep't*, No. 6:18-CV-0058, 2018 WL 3602974, at *3 (W.D. La. July 11, 2018), *report and recommendation adopted,* No. 6:18-CV-00058, 2018 WL 3596104 (W.D. La. July 26, 2018).  This distinction is far from clear so far.  As such, Dew's "false arrest" claim is referenced in the singular form for now.

– somewhat summarily – that Dew's allegations fail to establish municipal liability and are otherwise prescribed.

However, Dew claims the arrest occurred well less than one year before he filed suit.  And Dew asserts the basic facts with specificity, and without contravention to date.  Dew claims that he walked to the city's mayor's home to discuss his dispute with the water department.  The talk ended without incident.  But as Dew walked home, he was confronted by the mayor's daughter, and shortly thereafter, arrested by City police officers.  Dew denies any crime, conflict, unlawful entry, or other wrongdoing.  Moreover, Dew claims he was released the next day, never formally charged, and certainly never convicted.  ECF No. 1 at 5-6.

The Court accepts Dew's allegations as true and reads them in the aggregate. Those allegations include references to the mayor having some knowledge of, and potential involvement with, Dew's arrest.  Given that, Dew's false arrest claim is facially plausible.  Dew has fairly pleaded a false arrest claim – a claim that he was arrested without probable cause, and under circumstances that otherwise violated his Fourth Amendment rights. *See Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009).  And absent a conviction, Dew's false arrest claim would not be subject to a stay. *See Wainwright v. Woodward*, No. CV 20-0961, 2020 WL 6302284, at *4 (W.D. La. Oct. 6, 2020), *report and recommendation adopted,* No. CV 20-0961, 2020 WL 6298078 (W.D. La. Oct. 27, 2020).

Dew's false arrest claim is facially adequate.  His remaining claims are not, and should therefore be dismissed as stated above.

**D.    Dew should be allowed to request leave to amend certain claims only.**

Dew has never amended, or requested to amend, his Complaint.    Dew also failed to avail himself of Fed. R. Civ. P. 15(a)(1)(B) by amending within 21 days of Defendants' motions.    Against that backdrop, Defendants seek dismissal with prejudice, and without any potential right to amend.    Defendants also claim that any amendments would be futile.

Rule 12(b)(6) dismissals are rare and generally disfavored as to represented parties.    As to *pro se* parties, they are particularly disfavored, and "a court should grant a *pro se* party every reasonable opportunity to amend."    *Dierlam v. Trump*, No. 18-20440, 2020 WL 6074297, at *5 (5th Cir. Oct. 15, 2020) (internal citation and quotation omitted).    Still, there are reasons to deny a *pro se* litigant leave to amend, even once – among them, futility.    In this context, an amendment would be futile when a court should dismiss claims, as pleaded, under Rule 12(b)(6) and no amendment would properly affect that dismissal.    *See Calhoun v. Villa*, 761 F. App'x 297, 301 (5th Cir.), *cert. denied,* 140 S. Ct. 326, 205 L. Ed. 2d 193 (2019) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

In this case, amendments involving Tallulah Water Co., the Tallulah Police Department, or Tallulah City Hall would be futile.    No cognizable claims can be asserted against these entities.    But Dew's other claims are not so simple.    For example, while prescription seems to foreclose amendments at first thought, Dew may ultimately amend to toll the prescriptive periods in some way.    Dew may also seek to amend to assert more viable municipal liability claims.

In short, Dew is proceeding *pro se* and may seek amendments which are at least conceivable, albeit unlikely.  Thus, his claims should not be dismissed with finality, at least not without affording him an opportunity to amend.

## III.  <u>Conclusion</u>

Because Dew's claims against the Journal are prescribed, the Journal's Motion to Dismiss (ECF No. 18) should be GRANTED in all respects, and Dew's claims against the Journal should be DISMISSED WITHOUT PREJUDICE, subject to Dew's right to seek leave to amend within 14 days of Judgment.

Because Dew's claims against Tallulah Water Co., the Police Department of the City of Tallulah; and Tallulah City Hall all name non-juridical entities not subject to suit, the Tallulah Defendants' Motion to Dismiss (ECF No. 20) should be GRANTED IN PART, and Dew's claims against these Defendants should be DISMISSED WITH PREJUDICE.

Because Dew's false arrest claim against the City is facially plausible, the Tallulah Defendants' Motion to Dismiss (ECF No. 20) should be DENIED IN PART as to this claim alone.

Because Dew's remaining claims fail to raise a right to relief above a speculative level, the Tallulah Defendants' Motion to Dismiss (ECF No. 20) should be GRANTED IN PART in all remaining respects, and Dew's remaining claims should be DISMISSED WITHOUT PREJUDICE subject to Dew's right to seek leave to amend within 14 days of Judgment.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, November 4, 2020

_____

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE