# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **BILLY RAY DEW, JR.** | **CASE NO. 3:19-CV-01489** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TALLULAH WATER CO., ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

### RULING

Plaintiff Billy Ray Dew ("Dew") filed this civil rights Complaint *pro se*. [Doc. No. 1]. He named five Defendants. All claims against four of the Defendants have been dismissed [Doc. Nos. 36, 37, 51, 57].  The only Defendant remaining is the City of Tallulah ("Tallulah").

Construing Dew's allegations broadly, Dew alleged that he was (1) overcharged for water services; (2) treated poorly during his attempts to resolve those overcharges; and (3) falsely arrested and otherwise deprived of civil rights during his attempts at resolution.

Pending here are several motions:

1. Dew's Motion for Reconsideration [Doc. No. 100];

2. Dew's Motion to Compel [Doc. No. 90];

3. Dew's Motion to Strike [Doc. No. 102];

4. Tallulah's Motion for Leave to Respond [Doc. No. 115];

5. Dew's Motion for Summary Judgment [Doc. No. 103].

Because the motions are interrelated and involve similar issues, the Court will address each of them together in a single Ruling.

I.      BACKGROUND

The issues involved here have their origin on July 21, 2021, when Dew inappropriately attempted to file a document which he labeled "Request for Admission" in the record [Doc. No. 88, 89].[1]  A Notice of Corrective Action was issued reminding Dew of Local Rule 26.5, FRCP5(d), and Standing Order 1.14.[2]  Dew was advised that these local and federal rules do not allow routine filing of discovery.

On August 24, 2021, the Court received a brief Letter/Motion from Dew asserting that an unnamed party had failed to timely respond to his Requests for Admission [Doc. Nos. 90, 91]. Because of the lack of clarity, the Court was put in the position of having to construe Dew's filing.  He did not mention "summary judgment" and did not attach a statement of material facts, which is required for a motion for summary judgment.  He also failed to include a memorandum in support that might shed light on the purpose of his filing, which is also required.  The Court ultimately construed the motion as a Motion to Compel. On August 26, 2021, the Court issued a Notice of Deficient Document [Doc. No. 92] which advised Dew that his Motion to Compel required a memorandum in support and did not include the required requests or responses that are the subject of the motion. Dew was directed to submit a "Corrective Document" within 10 days from the date of the Notice of Deficiency.   Dew has not done so.

On August 30, 2021, Dew filed a Motion for Summary Judgment [Doc. Nos. 93, 95] seeking summary judgment on the same basis as his deficient Motion to Compel, i.e., the alleged failure of an unnamed party to respond to unspecified Requests for Admission.  The Court issued a Notice of Deficient Document [Doc. No. 94] which advised Dew in part that a motion for

---

[1] See attached Appendix.
[2] Everyone who appears in Court in proper person and every attorney permitted to practice in this Court shall be familiar with the Court's Local Rules.  [LR83.2.8]

summary judgment requires a memorandum in support as well as a statement of material facts, pursuant to LR7.4 and LR56.1.

However, the Court later noted that Dew had previously filed numerous Notices of Appeal in this matter [Doc. Nos. 59, 60, 72, 75, 86]. On August 31, 2021, the Court issued a Memorandum Order [Doc. No. 96] denying Dew's Motion for Summary Judgment [Doc. Nos. 93, 95] on the grounds that the Court lacked jurisdiction to consider the motion because Dew had filed the Notices of Appeal.

On August 31, 2021, Dew filed a second Motion for Summary Judgment [Doc. Nos. 97, 98] on the same grounds as his first Motion for Summary Judgment, i.e., the alleged failure of an unnamed party to respond to Requests for Admission.  Dew properly attached to his second Motion for Summary Judgment a memorandum in support [Doc. No. 97-1] and a statement of material facts [Doc. No. 97-2].

On September 2, 2021, the Court issued a Memorandum Order [Doc. No. 99] vacating its prior Memorandum Order [Doc. No. 96] which had denied Dew's first Motion for Summary Judgment on the grounds of lack of jurisdiction.  The Court noted that, upon further review, none of the decisions for which Dew filed his numerous Notices of Appeal were final decisions. Because leave of court is required for an interlocutory appeal, and because Dew did not seek leave of court to file those appeals, the Court concluded it retained jurisdiction to consider his first Motion for Summary Judgment [Doc. Nos 93, 95].  *See* 28 U.S.C. § 1292(b); *see also In re Ichinose,* 946 F.2d 1169, 1177 (5th Cir.1991).

The Court then denied and dismissed without prejudice Dew's two pending Motions for Summary Judgment [Doc. Nos. 93, 95, 97, 98] on the grounds that Dew was seeking summary judgment in both motions on the identical grounds as set forth in his deficient Motion to Compel

[Doc. No. 90, 91] which had not yet been ruled on [Doc. No. 99].

On September 3, 2021, Dew filed a Motion for Reconsideration [Doc. No. 100] asking the Court to reconsider its ruling that it lacked jurisdiction to consider his Motions for Summary Jurisdiction [Doc. No. 96]. Dew was apparently unaware that the Court had already vacated that ruling [Doc. No. 99]. Accordingly, Dew's Motion for Reconsideration [Doc. No. 100] should be **DENIED AS MOOT**.

On September 14, 2021, Dew filed a Motion to Strike [Doc. No. 102] his prior Motion to Compel on the grounds that he intended it to be a "motion for judgment" but that the Court or the Clerk misconstrued it to be a motion to compel [*Id.*]

On September 16, 2021, Dew filed another Motion for Summary Judgment [Doc. No. 103] on the same basis as his prior motions, an alleged failure to respond to his Requests for Admission. He attached a memorandum in support and statement of facts, but he did not attach the purported Requests for Admission. A Notice of Motion Setting [Doc. No. 104] was issued giving Tallulah until October 7, 2021, to file an opposition.

On October 7, 2021, Tallulah filed a Motion for Enlargement of Time to Respond to Plaintiff's Motion for Summary Judgment [Doc. No. 110]. On October 8, 2021, over Dew's objection [Doc. No. 111-1], the Court granted the motion and extended the time for Tallulah to respond to October 15, 2021 [Doc. No. 114].

On October 15, 2021, Tallulah filed a response [Doc. No. 116] to Dew's Motion for Summary Judgment. On October 18, 2021, a Notice of Deficient Document was issued to Tallulah on the grounds that Tallulah failed to attach a statement of material facts [Doc. No. 118]. Tallulah was given ten (10) days to cure the deficiency.

Also, on October 15, 2021, Tallulah filed a Motion for Leave to Respond to Plaintiff's

Requests for Admission [Doc. No. 115].  On October 18, 2021, a Notice of Deficient Document was issued to Tallulah on the grounds that Tallulah failed to attach a proposed judgment or order on a separate page [Doc. No. 117].  Tallulah was given ten (10) days to cure the deficiency.

On October 20, 2021, Dew filed a pleading styled "Memorandum of Objection to File Motion of Leave of Court to File Answer to Request of Admission" [Doc. Nos. 119, 120]. On October 21, 2021, Dew filed a pleading styled, "Statement of Material Facts" [Doc. No. 122]. On October 21, 2021, Dew filed a pleading styled, "Memorandum of Objection Memorandum Opposition of Summary Judgment" [Doc. No. 123]. On October 25, 2021, Dew filed another pleading styled, "Memorandum of Objection Memorandum Opposition of Summary Judgment." [Doc. No. 124]. On October 25, 2021, Dew filed a pleading styled, "Statement of Facts." [Doc. No. 125]. On October 26, 2021, Dew filed a pleading styled, "Statement of Facts." [Doc. No. 126]. On October 26, 2021, Dew filed a pleading styled, "Memorandum of Objection Memorandum Opposition of Summary Judgment." [Doc. No. 127]. On October 26, 2021, Dew filed a pleading styled, "Statement of Material Facts." [Doc. No. 128].

On October 28, 2021, Tallulah timely filed its "Proposed Order" [Doc. No. 129] in satisfaction of the Notice of Deficient Document [Doc. No. 117].  On October 28, 2021, Tallulah timely filed its "Statement of Facts in Opposition to Plaintiff's Motion for Summary Judgment" [Doc. No. 130] in satisfaction of the Notice of Deficient Document [Doc. No. 118].

On October 28, 2021, Dew filed a pleading styled, "Statement of Material Facts." [Doc. No. 131]. On October 28, 2021, Dew filed a pleading with a notation at the bottom "Corrective Document Last Page of Objection of Memorandum Objecting Summary Judgment." Doc. No. 132]. On October 29, 2021, Dew filed a pleading styled, "Statements of Facts," that had a notation on the bottom, "Corrective document in objection of memorandum objecting summary

Judgment for Entry 122 and 123 in objection of 116 corrective document 122." [Doc. No. 133]. On October 29, 2021, Dew filed a pleading styled, "Letter to the Courts." [Doc. No. 134]. On October 29, 2021, Dew filed a pleading styled, "Memorandum of Objection to Response to Opposition of Summary Judgment" [Doc. No. 135] which the Court construes as a reply to Tallulah's opposition to his motion for summary judgment.

The Court will consider each pending motion in turn.

## II.   LAW AND ANALYSIS

### A.   *Pro Se* Status

Although the Court must liberally construe a *pro se* litigant's filings in his favor, and his papers are held "to less stringent standards than formal pleadings drafted by lawyers," *United States v. Davis*, 629 F. App'x 613, 618 (5th Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)); *accord Hawbecker v. Hall*, 88 F. Supp. 3d 723, 726 (W.D. Tex. 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), a *pro se* litigant is not "exempt ... from compliance with the relevant rules of procedural and substantive law," *Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

### B.   Dew's Motion for Reconsideration [Doc. No. 100]

As noted above, on September 3, 2021, Dew filed a Motion for Reconsideration [Doc. No. 100] asking the Court to reconsider its Memorandum Order [Doc. No. 96] that it lacked jurisdiction to consider his previously filed motions for summary jurisdiction because of Dew's five Notices of Appeal.  Dew was apparently not aware that the Court had already vacated that ruling [Doc. No. 99].  Accordingly, Dew's Motion for Reconsideration [Doc. No. 100] is **DENIED AS MOOT**.

**C.     Dew's Motion to Compel and Motion to Strike [Doc. Nos. 90, 91, 102]**

Dew moves to strike his Motion to Compel [Doc. Nos. 90, 91].  The motion is

unopposed.  Accordingly, Dew's Motion to Strike [Doc. No. 102] is **GRANTED**.  Dew's

Motion to Compel [Doc. No. 90, 91] is **DENIED AS MOOT**.

**D.     Tallulah's Motion for Leave to Respond [Doc. No. 115]**

Tallulah seeks Leave of Court to respond to Dew's purported Requests for Admissions.

Tallulah points to the confusion caused by Dew inappropriately filing Requests for Admission in

the record.  Counsel interpreted the Court's Notice of Deficient Document [Doc. No. 92] to mean

no further action was required by Tallulah until Dew satisfied the Notice, which never happened.

Tallulah admits that Dew sent a written copy of the Requests by mail to Tallulah, but states that

when Counsel saw it and then reviewed the Notice of Corrective Action, Counsel again assumed

no further action was required by Tallulah until Dew satisfied the Notice.  It was only when

Counsel was preparing the Opposition to Dew's Motion for Summary Judgment that Counsel

realized her error.  Tallulah asserts that it has good cause for its failure to respond and requests

the opportunity to object or respond.

Tallulah further asserts that there is no real prejudice to Dew if its motion is granted.

Tallulah also points out that the purported Requests for Admissions fail to make logical sense.

Tallulah attaches to its Motion its proposed Responses to the Requests for Admission

[Doc. No. 115-5]. Tallulah further attaches to its Motion its proposed Objections [Doc. No. 115-

4].

What the Court is able to glean from Dew's numerous, repetitive, confusing responses is

that his position is that Tallulah should not have been granted any extensions, and that once an extension was granted, the response had to be filed at a particular time on the new deadline date, rather than before midnight.  Dew cites no authority for that position, and the Court is aware of none. Dew further contends that since Tallulah admits it received the Requests for Admission and failed to answer in thirty days as is required by the letter of the law, he is, therefore, automatically entitled to a judgment against Tallulah.

Failure to respond timely to requests for admission will result in the requests being deemed admitted. FED. R. CIV. P. 36(a)(3). "[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Under Federal Rule of Civil Procedure 36(b), a court "may permit withdrawal or amendment" if withdrawal or amendment (1) "would promote the presentation of the merits of the action" and (2) "if the court is not persuaded that [withdrawal or amendment] would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b).

With respect to the first part of the test, "[w]ithdrawal of a deemed admission is appropriate in cases in which the admissions at issue directly bear on the merits of the case." *Mendez v. Joeris General Contractors, Ltd.,* Civil Action No. SA–12–CA–0608, 2013 WL 3153982, *3 (W.D. Tex. Jun. 18, 2013). A party may satisfy this prong of the test if the admission effectively would preclude the party from presenting its case on the merits. *Le v. Cheesecake Factory Rests. Inc*., No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007)(citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995)); see also *Haynes v. Navy Federal Credit Union*, 296 F.R.D. 9, 86 Fed. R. Serv. 3d 589 (D.D.C. 2013) (granting defendant's motion to amend an admission); *Freeman v. City of Detroit*, 274 F.R.D. 610, 79 Fed.

R. Serv. 3d 953 (E.D. Mich. 2011) (refusing to deem matters admitted); *Edeh v. Equifax*

*Information Services, LLC*, 295 F.R.D. 219, 224 (D. Minn. 2013)("When a material fact is

clearly contested, considering that fact to be admitted precludes, rather than promotes,

presentation of the case on the merits.")

   Under the second prong of the test, a party is not prejudiced merely because withdrawal

of the admissions requires the party to prove or defend the case on the merits.  *Le*, 2007 WL

715260, at *3; *see also, e.g., In re Ames Dept. Stores, Inc.*, 470 B.R. 280 (S.D.N.Y. 2012), aff'd,

506 F. App'x 70 (2d Cir. 2012), cert. denied, 571 U.S. 819 (2013); *Mendez*, 2013 WL 3153982,

at *5; *Haynes*, 296 F.R.D. 9; *Edeh*, 295 F.R.D. 219. Prejudice may occur if a party encounters

special challenges "caused by a sudden need to obtain evidence upon withdrawal or amendment

of an admission." *Le*, 2007 WL 715260, at *3 (*quoting American Auto. Ass'n, Inc. v. AAA Legal

Clinic of Jefferson Crooke, P.C*., 930 F.2d 1117, 1120 (5th Cir. 1991)); *see also Mendez*, 2013

WL 3153982. This standard does not encompass the increased expenses caused by the need for

additional discovery to replace withdrawn admissions. *Le*, 2007 WL 715260, at *3 (*citing

Gutting v. Falstaff Brewing Corp*., 710 F.2d 1309, 1314 (8th Cir.1983)). Merely having to prove

the matters admitted to the trier of fact does not constitute prejudice. Le, 2007 WL 715260, at *3

(*citing No. La. Rehab. Ctr. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001)).

Similarly, "preparing a summary judgment motion in reliance upon an erroneous admission does

not constitute prejudice." *No. La. Rehab. Ctr*., 179 F. Supp. 2d at 663 (quoting *F.D.I.C. v.

Prusia*,  18 F.3d 637, 640 (8th Cir.1994) (internal citations omitted); *see also Edeh*, 295 F.R.D.

at 225 ("While reliance that is detrimental to a party's ability to prosecute its claim at trial may

constitute sufficient prejudice to satisfy the second prong, it is less likely to be sufficient where

that party has clear warning in advance of trial that the particular issues are controverted.")

In evaluating the prejudice prong of the test, courts have considered the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. *Le*, 2007 WL 715260, at *3; *see also No. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery)).

Finally, when examining these two prongs, courts also may consider other factors such as the fault and diligence of the party seeking withdrawal. *Le v. Cheesecake Factory Rests. Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007)(citing *Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248 (5th Cir.2006) (per curiam) (unpublished); *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir.1969)). Even where a party establishes the two prongs under Rule 36, "the district court retains discretion to deny a request to withdraw an admission." *Williams v. Wells Fargo Bank, N.A.*, 2014 WL 1044304, at *9 (5th Cir. 2014).

The Court has broad discretion on motions to withdraw or amend admissions.  *Sinstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016); *Conlon v. U.S.,* 474 F.3d 616, 621 (9th Cir. 2007).

Assuming the Requests for Admission at issue are those that Dew inappropriately filed in the record in June [Doc. Nos. 88, 89], the Court finds that granting Tallulah's motion would promote the presentation of the merits of the action and would not prejudice Dew in maintaining or defending the action on the merits.

The admissions at issue obviously directly bear on the merits of the case.  Dew himself claims that, based on the two requests alone, he is entitled to judgment for millions of dollars. The admissions would thus preclude Tallulah from presenting its case on the merits.

Further, Dew is not prejudiced merely because he would be required to prove his case on the merits. He has pointed to no special challenges that would be caused by a sudden need to obtain evidence. The discovery completion deadline is not until January 25, 2022 [Doc. No. 83]. Merely having to prove the matters to the trier of fact does not constitute prejudice. Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice.

The timing of the motion does not constitute prejudice to Dew. Tallulah acted immediately when it learned of the oversight. Additionally, the oversight was caused in part by Dew's own actions in inappropriately filing the purported Requests in the record, which generated the Notice of Deficient Document. Dew has not shown that he will not able to present alternative evidence and will not have adequate time before trial to conduct discovery.

Accordingly, Tallulah's Motion for Leave to Respond is **GRANTED**. Any deemed admission is **WITHDRAWN**. The proposed Objection to Requests for Admission [Doc. No. 115-4] and Responses to Requests for Admission [Doc. No. 115-5] are **FILED**.

### E.     Dew's Motion for Summary Judgment [Doc. No. 103]

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

11

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure all of the essential elements of the claim . . . to warrant judgment in [its] favor." *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell,* 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

Dew's pending Motion for Summary Judgment [Doc. No. 103] is based solely on Tallulah's asserted failure to timely respond to his purported Requests for Admission.  However, inasmuch as Tallulah's Motion for Leave to Respond has been granted, the withdrawn admissions cannot serve as the foundation for the granting of summary judgment in favor of Dew.  Therefore, Dew has not carried his burden of establishing there is no genuine dispute as to any material fact or that he is entitled to judgment as a matter of law.

Further, even if the Court were to deem the purported Requests for Admission admitted, they would fall far short of entitling Dew to summary judgment on the merits.  The purported Requests for Admission are paragraphs of all-caps statements that run-on, that fail to make logical sense, and fail to fully identify the persons that are mentioned in the respective diatribes. Even construing his filings liberally in Dew's favor does not save them.

Each fact or matter for which admission is requested should be set forth in a separate paragraph.  See *Mach. Sols., Inc. v. Doosan Infracore Am. Corp*., 323 F.R.D. 522, 535 (D.S.C. 2018); *Helget v. City of Hays, Kan*., 300 F.R.D. 496, 499 (D. Kan. 2014). All facts that are part of the requests should be set forth in the request; it is improper to incorporate facts by reference

12

to other text.  Requests for admission must be simple, direct, and concise so they may be admitted or denied with little or no explanation or qualification. *United Coal v. Powell Construction*, 839 F.2d 958, 967-68 (3d Cir. 1988); *Tamas v. Family Video Movie Club, Inc*., 301 F.R.D. 346, 347 (N.D. Ill. 2014).

In addition to being paragraphs of all-caps statements that run-on, that fail to make logical sense, and fail to fully identify the persons that are mentioned, Dew's purported Requests for Admissions [Doc. Nos. 88, 89] (see attached Appendix) fall far short of being simple, direct, and concise.  They include the phrase "and so on and so forth."  They also reference other documents.

Therefore, even if deemed admitted, they are insufficient to establish a *prima facie* case in Dew's favor.

## III.    CONCLUSION

For the reasons set forth above, Dew's Motion for Reconsideration [Doc. No. 100] is **DENIED AS MOOT**.  Dew's Motion to Strike [Doc. No. 102] is **GRANTED,** and Dew's Motion to Compel [Doc. No. 90] is **DENIED AS MOOT**.  Tallulah's Motion for Leave to Respond [Doc. No. 115] is **GRANTED**.  Any deemed admission is **WITHDRAWN**. Tallulah's proposed Objection to Requests for Admission [Doc. No. 115-4] and Responses to Requests for Admission [Doc. No. 115-5] are **FILED**. Dew's Motion for Summary Judgment [Doc. No. 103] is **DENIED**.

Monroe, Louisiana, this 2nd day of November 2021.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**