UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BILLY RAY DEW, JR.** | **CASE NO. 3:19-CV-01489** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TALLULAH WATER CO., ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 149] filed by the only remaining Defendant in this case, City of Tallulah ("Tallulah"). A *pro se* Opposition [Doc. No. 153] was filed by Plaintiff Billy Ray Dew, Jr. ("Dew") on April 5, 2022. A Reply [Doc. No. 154] was filed by Tallulah on April 12, 2022.

For the reasons set forth herein, Tallulah's Motion for Summary Judgment is GRANTED.

**I.    BACKGROUND**

Sometime in late November 2018[1], Dew, who was angry about the disconnection of his water service by Tallulah Water Service, went to the home of Tallulah Mayor Gloria Hayden ("Mayor Hayden") to discuss the situation.   According to the Affidavit of Latoya Owens[2], this occurred after normal business hours. Owens received a telephone call from her niece, who was under the age of thirteen years old, who told Owens there was a man at the door of their home who wanted to see Mayor Hayden, who was not home at this time. Owens instructed her niece to call her via FaceTime in order for her to see who was trying to enter the home. Through the use of FaceTime, Owens identified the man as Dew.

---
1 The exact date of Dew's arrest is unclear as there are conflicting dates on the police report and dispatch record.
2 [Doc. No. 149-3].

Even though Mayor Hayden was not at home, Dew let himself in the house. Owens insisted Dew leave the house, but Dew refused to do so. Owens then contacted the Tallulah Police Department, who dispatched Officer Oliver Robinson ("Officer Robinson") to the scene. Officer Robinson also requested Dew leave the house,[3] but he refused to do so. Officer Robinson then arrested Dew.

This incident was confirmed by Mayor Hayden[4], who later requested the criminal charges be dropped.

In Dew's Opposition to Tallulah's Motion for Summary Judgment, none of Dew's alleged factual allegations were verified[5]. Additionally, neither Dew's Complaint [Doc. No. 1], nor his Proposed Amended Complaint [Doc. No. 41], were verified or supported by Affidavits.

On November 19, 2019, Dew filed a Complaint against Tallulah Water Company and/or Tallulah Water Service, Tallulah Police Department, Tallulah City Hall, Madison Journal, and the City of Tallulah.  All other Defendants have previously been dismissed, and the sole remaining Defendant is the City of Tallulah.  In his Complaint, Dew alleged the Defendant violated his civil rights, alleging an equal protection violation, right to government services, right to use public facilities, discrimination, freedom of the press, unlawful imprisonment, and punishment without due process.

On December 17, 2020, Dew filed an Amended Petition for Damages[6], which was filed without the consent of Defendants. This issue was briefed, and on April 23, 2021, United States

---

3 Affidavit of Oliver Robinson [Doc. No. 149-5].
4 Affidavit of Gloria Hayden [Doc. No. 149-4].
5 [Doc. No. 153].
6 [Doc. No. 41].

2

Magistrate Judge Joseph H. L. Perez-Montes issued a Memorandum Order[7], which granted-in-part and denied-in-part Dew's Motion to Amend Complaint. As to Tallulah, the Court denied Dew's Motion to Amend/Correct Complaint to add claims for overcharging or misbilling and for banning Dew from the Water Service; the Court granted his Motion to Amend/Correct Complaint as to his claims for false arrest/imprisonment; the Court denied his Motion to Amend/Correct Complaint to add a § 1983 and state law claims for excessive force by Officer Skinner; and the Court granted his Motion to Amend/Correct Complaint to add a § 1983 claim for denial of due process.

In its pending Motion for Summary Judgment, Tallulah seeks to dismiss all claims by Dew.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

7 [Doc. No. 51].

3

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case,

4

and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

### B. Improper Summary Judgment Opposition Evidence

Although Dew filed an Opposition [Doc. No. 153] to Tallulah's Motion for Summary Judgment consisting of several pages of facts and/or alleged material facts, the Opposition was not verified nor made under declaration. Additionally, no opposing affidavits were filed.

Although Courts can construe pleadings filed by pro se plaintiffs liberally[8], this Court declines to construe the Opposition as a declaration or opposing affidavit. Basically, the Court simply construes this as argument of Dew, but it is not a proper motion for summary judgment opposing evidence. That means the facts as set out by Tallulah are not contested by Dew in proper form[9]. Additionally, many of Dew's allegations are conclusory statements, which are not proper summary judgment evidence[10].

### C. False Arrest/False Imprisonment

The right to be free from false arrest is protected under the Fourteenth Amendment[11]. To prevail on this claim Dew must show there was no probable cause for his arrest. "Probable cause" are the facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. An objective standard is used, which means probable cause exists if the officer were aware of facts justifying a

---

8  *Dellamore v. Stenros*, 886 F.Supp. 349 (S.D. N.Y. 1995).
9  *Kaliannen v. Liang*, 2 F.4th 727 (8th Cir. 2021).
10  *Howard v. Sun Oil Co*., 404 F.2d 596 (5th Cir. 1968).
11  *Eugene v. Alief Indep. Sch. Dist.*, 65 F.3d 1299, 1305 (5th Cir. 1995).

reasonable belief that an offense was being committed. *Club Retro, LLC. V. Hilton*, 568 F.3d 181, 204 (5th Cir. 2004).

Without question, Officer Robinson had probable cause to arrest Dew for the charge of unauthorized entry into an inhabited dwelling pursuant to Louisiana Revised Statute Section 14:62.3. The Affidavit of Owens [Doc. No. 149-2] and the Affidavit of Officer Robinson [Doc. No. 149-5] show Dew entered Mayor Hayden's house, without authority, and refused to leave. The house was inhabited and was the home of Mayor Hayden[12].

Because the Court has found that there was probable cause to arrest Dew, his false imprisonment claim also fails. To establish false imprisonment, an individual shall be restrained of his liberty under the probable imminence of force without any legal cause or justification therefor. *Nesmith v. Alford*, 318 F.2d 110 (5th Cir. 1963).

Louisiana Revised Statute Section 14:46 defines false imprisonment in Louisiana as the "intentional confinement or detention of another, without his consent and without proper legal authority." Because Officer Robinson had probable cause to arrest Dew, his false imprisonment claim is without merit, and Tallulah is entitled to summary judgment.

**D.  Procedural Due Process**

The only remaining claim Dew has against Tallulah is his procedural due process claim. Dew maintains he has been banned from various places in Madison Parish. Because the claim is against Tallulah, the Court has construed that Dew is maintaining Tallulah is preventing him from utilizing public services. However, Dew has provided no evidence that he was banned from any place by Tallulah.

---

[12] [Doc. No. 149-4 and Doc. No. 149-2].

The Affidavits of Mary Williams [Doc. 149-6], City Clerk Gerald Odom [Doc. No. 149-7], Carmen Ramshur [Doc. No. 149-8], and Chief of Police Buster McCoy [Doc. No. 149-9] support Tallulah's contention that there is no policy in place, written or otherwise, which prevents Dew from legally being in a public place.

This is a claim for municipal liability under Title 42 U.S.C. §1983, which requires proof of an official policy, promulgated by Tallulah's policymaker, that was a moving force behind the alleged violation of Dew's procedural due process rights. *Clark v. Lafayette Police Dep't.*, 2018 WL 3602974 (W.D. La. July 11, 2018).

Additionally, Dew is required to specify the policy in place that is alleged to be in violation of his constitutional rights. *Spiller v. City of Tex. City, Police Dept.,* 130 F.3d 162, 167, (5th Cir. 1997). The Court finds that Dew has not satisfied this requirement. Instead, Dew has made vague allegations and not specified or proven the existence of such a policy.

Accordingly, Tallulah is also entitled to summary judgment on the claim of violation of procedural due process.

### III.  CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment [Doc. No. 149] filed by the City of Tallulah is **GRANTED**.

Monroe, Louisiana this 19th day of April 2022.

---
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**